# STATE OF MICHIGAN

# COURT OF APPEALS

KEFER BROWN,

        Plaintiff-Appellant,

and

PROFESSIONAL CARE TRANSPORTATION,
INC., and NORTHLAND RADIOLOGY, INC.,

        Intervening Plaintiffs

v

LIBERTY MUTUAL INSURANCE,

        Defendant-Appellee.

UNPUBLISHED
December 20, 2016

No. 328783
Wayne Circuit Court
LC No. 14-008926-NF

Before: GADOLA, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right the order of the trial court dismissing his complaint pursuant to MCR 2.502. We affirm.

This case arises from a motor vehicle accident that allegedly occurred on February 20, 2012, in which plaintiff claims he was injured. Plaintiff filed this action against defendant on July 11, 2014, claiming that he was insured under the provisions of a no-fault policy issued by defendant, but that defendant had refused to provide plaintiff with personal injury protection benefits. According to defendant, it was never properly served with the complaint and consequently never filed an answer or otherwise appeared in the action.

The trial court entered a scheduling order on October 10, 2014. By checking a box on the order, the trial court directed plaintiff to serve the scheduling order on all other parties in the action. Plaintiff, however, did not serve the scheduling order as required. Instead, plaintiff filed a motion for entry of default judgment on December 30, 2014, requesting that the trial court enter a default judgment in light of defendant's failure to plead or appear in the matter. On March 12, 2015, the trial court issued a notice that the case would be dismissed for no progress. Plaintiff did not respond to the notice. The trial court thereafter dismissed the case without

-1-

prejudice by order dated June 12, 2015, stating that the case was dismissed due to plaintiff's counsel's failure to comply with the trial court's October 10, 2014 scheduling order.

Seventeen days later, plaintiff moved to reinstate the action and for entry of a default judgment. In the motion and accompanying brief, plaintiff did not argue that there was good cause to reinstate the action. At the motion hearing, the trial court asked plaintiff's counsel why the case should be reinstated, but plaintiff's counsel stated, "I have no compelling reasons, Your Honor." The trial court denied the motion to reinstate the action.

Plaintiff argues on appeal that the trial court abused its discretion when it denied the motion to reinstate because there was good cause for reinstating his case. We review a trial court's decision concerning a motion to reinstate an action for an abuse of discretion. *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 138; 624 NW2d 197 (2001). The abuse of discretion standard acknowledges that in some circumstances, there is more than one reasonable and principled outcome. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). An abuse of discretion occurs when the decision results in an outcome that falls outside of the range of principled outcomes. *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006).

Pursuant to MCR 2.502(A)(1), a trial court may dismiss a case due to the parties' failure to make progress. *Wickings*, 244 Mich App at 138. The trial court may reinstate an action that it dismissed for lack of progress if the moving party demonstrates good cause to reinstate the action. MCR 2.502(C). When determining whether good cause to reinstate an action has been demonstrated, this Court has suggested consideration of the following factors: (1) whether the dismissal for lack of progress was based upon a procedural or technical error, (2) the moving party's diligence before dismissal, (3) the moving party's justification for the lack of progress before dismissal, (4) the moving party's diligence in attempting to settle the case or a prompt motion to reinstate the action, and (5) potential prejudice to the nonmovant if the action were to be reinstated. *Wickings*, 244 Mich App at 142. This list is not exhaustive, the factors are not necessarily applicable in every case, and the trial court has wide discretion in its decision. *Id*. at 142 n 28, 145.

In this case, plaintiff argues that there is good cause[1] for reinstating plaintiff's case because plaintiff's failure to serve the scheduling order was an inadvertent procedural error. Plaintiff argues that the box checked on the scheduling order was small and difficult to see and therefore plaintiff inadvertently failed to notice that plaintiff was directed to serve the order on the other parties. Under factor one of the analysis suggested in *Wickings*, this argument is somewhat persuasive. In this case, however, plaintiff also failed to respond to the trial court's notice warning that dismissal was imminent by investigating and correcting the reason for the imminent dismissal, making this argument less persuasive. We also note, considering factors two and three, that plaintiff had not otherwise diligently pursued the action, other than by

---

[1] Defendant argues that this issue is unpreserved because plaintiff failed to make these arguments before the trial court. We note that although plaintiff did not present these specific arguments, plaintiff did move before the trial court to reinstate the case and therefore the issue of whether the trial court abused its discretion in denying the motion is preserved for review by this Court.

seeking a default judgment, and did not provide the trial court with a persuasive reason for the lack of diligence other than plaintiff's failure to note that he had been ordered to serve the scheduling order.[2]  With regard to factor four, we note that plaintiff did move promptly to reinstate the action within 17 days of the trial court's order dismissing the action.  However, plaintiff did not include any justification for why he had failed to serve the scheduling order or why the case should be reinstated.  At the hearing, plaintiff's counsel again failed to give the court any reason why this case should be reinstated.

Lastly, plaintiff argues that under the final *Wickings* factor defendant will not be prejudiced if the case is reinstated because the delay was relatively short.  It is unclear from the record whether defendant would be prejudiced if this case were reinstated.  However, even if we are to assume that this last factor favors reinstatement, it is not apparent that the trial court abused its discretion given that the other factors support the trial court's decision to deny the motion.  We cannot say that the trial court's decision to deny reinstatement falls outside the range of principled outcomes and therefore we find no abuse of discretion.

Affirmed.


/s/ Michael F. Gadola
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan

---

[2] With respect to plaintiff's failure to note that he was obligated to serve the scheduling order on defendant because the check box requiring this was not readily apparent, our review of the record suggests otherwise.  The requirement to serve the scheduling order on defendant is included in the first of just three numbered sections of the one-page order, with the words "plaintiff is ordered" appearing in that section in capital boldface lettering.  Contrary to plaintiff's assertion, it would be difficult for anyone who gave the order even cursory review to miss this obligation.